**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R. RUDNICK & CO., | ) | FILED |
| Plaintiff, | ) | APRIL 3, 2008          YM |
| v. | ) | 08CV1922 |
| | ) Case No. | JUDGE HIBBLER |
| PRECISION MIDWEST, LTD., and JOHN | ) | MAGISTRATE JUDGE SCHENKIER |
| DOES 1-10, | ) | |
| Defendants. | ) | |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. § 1441, *et. seq.*, Defendant Precision Midwest, Ltd. ("Precision")

hereby removes this action from the Circuit Court of Cook County, Illinois, County Department,

Chancery Division, to the United States District Court of the Northern District of Illinois.

Under the Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.,* 427 f. 3D

446, 450-51 (7th Cir. 2005), removal is proper because this Court has federal question jurisdiction

pursuant to 28 U.S.C. §§ 1441(b) and 1331 over the claim of Plaintiff R. Rudnick & Co.

("Rudnick") brought pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47

U.S.C. § 227.

In further support of removal, Precision states as follows:

**I. THE STATE COURT ACTION**

1.      On or about February 28, 2008, Rudnick, on behalf of itself, and purportedly on

behalf of a class similarly situated, filed a Class Action Complaint ("Complaint") with the Clerk

of the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court

Action").  The State Court Action was assigned Cause No. 08 CH 07903.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all substantive records

and proceedings from the State Court are attached hereto as Exhibit "1."

3.      Rudnick's Complaint consists of three counts. Count I alleges violation of the TCPA, 47 U.S.C. § 227. Count II purports to state a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2.  Count III alleges common law conversion, also under Illinois law.  (See Complaint, Exhibit "1.")

## II. FEDERAL QUESTION JURISDICTION EXISTS

4.      This case arises from Precision's alleged sending or the causing of sending unsolicited faxes.   Rudnick alleges in its Complaint that Precision's conduct violated the TCPA, 47 U.S.C. § 227. (See Complaint, Exhibit "1," pages 1-3.)

5.      This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. As the Seventh Circuit held in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir. 2005), Rudnick's Complaint arises under the laws of the United States because the TCPA is a law of the United States and Rudnick seeks recovery under that law.

6.      The Seventh Circuit's decision in *Brill* is binding upon this Court.

7.      Under *Brill,* this Court has jurisdiction over Rudnick s putative class action lawsuit because it arises under the laws of the United States.

## III. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER RUDNICK'S STATE LAW CLAIMS

8.      This Court has supplemental jurisdiction over Rudnick's claims alleging violation of the ICFA and common law conversion because they are so related to the TCPA claim that they form part of the same cause or controversy. 28 U.S.C. § 1367. Supplemental jurisdiction, therefore, should not be refused under 28 U.S.C. § 1441(c). Rudnick's claims do not raise unusually novel or complex issues of state law, and Rudnick's state law claims do not substantially predominate over its federal claim.

## IV. REMOVAL IS TIMELY

9.    Because Precision was served with Summons and a copy of the Complaint in this matter on March 11, 2008, removal is timely since this notice is filed within 30 days of the date the Complaint was served. 28 U.S.C. § 1446(b)

## V. PROPER SERVICE OF THIS NOTICE AND REQUEST
## FOR ADDITIONAL ARGUMENTS, IF NECESSARY

10.    Precision is the only named defendant in this case. While the Complaint also names unknown defendants, "John Does 1-10," defendants sued under such fictitious names need not consent to removal. *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties . . . are disregarded for removal purposes and need not join in the petition."); *see also Green* v. *America Online (AOL),* 318 F.3d 465,470 (3rd Cir. 2003).

11.    The unknown "John Doe" defendants also have not been served with process in this action. Unserved defendants need not consent to removal. *Northern Illinois Gas.,* 676 F.2d at 272.

12.    Pursuant to 28 U.S.C. § 1446(d), Precision shall file a copy of this Notice of Removal with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois, and serve Rudnick with this Notice of Removal promptly after filing this Notice. A copy of the Notice of Filing to be filed in the State Court is attached hereto as Exhibit "2."

13.    In the event that Rudnick files a motion to remand the case or the Court considers remand *sua sponte,* Precision respectfully requests the opportunity to submit additional arguments or evidence in support of removal as may be appropriate or as may be requested by the Court.

3

WHEREFORE, Defendant, Precision Midwest, Ltd. hereby removes this case to the

United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

PRECISION MIDWEST, LTD.

By:  s/ Mark J. Rose
_____
One of Its Attorneys

#3126670                              #2378728
Constantine John Gekas, Esq.          Mark J. Rose, Esq.
GEKAS & ASSOCIATES, LTD.              LAW OFFICES OF MARK J. ROSE
11 S. LaSalle St., Suite 1700         200 W. Adams Street, Suite 2850
Chicago, Illinois 60603               Chicago, Illinois 60606
312.726.4501                          312.704.1446
312.726.4505 (fax)                    312.704.8233 (Fax)
CJG@cjglaw.com                        MJRoseEsq@aol.com

## CERTIFICATE OF SERVICE

I certify that on April 3, 2008 a copy of this Removal Petition and all documents filed

therewith were served by Messenger Delivery upon counsel for plaintiff:

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603

__ s/ Mark J. Rose_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **R. RUDNICK & CO.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )    Case No. |
| | ) |
| **PRECISION MIDWEST, LTD., and JOHN** | ) |
| **DOES 1-10,** | ) |
| **Defendants.** | ) |

**EXHIBIT 1 TO NOTICE OF REMOVAL**

M1-CH-NU-28600-2008-(ITEM 1.1.1)

# Circuit C

## County De

**NOTICE:** Any person who knowingly and without lawful authority, alters, destroys, defaces, removes or conceals any public record commits a Class 4 felony (720 ILCS 5/32-8).

CAL. 05
ATTY 41106

## 2008 — CH — 07903

R RUDNICK CO

V.

PRECISION MIDWEST LTD

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

County, Illinois
y Division

## Clerk of the Circuit C

MISSION STATEMENT

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the judicial system in a timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost efficiency.

CALENDAR 05    ROOM 2308
DATE FILED 03/04/08
ROCHFORD, MARY K.
CLASS ACTION
CHANCERY DIVISION

## 2008 — CH — 07903

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

1570

(Rev. 12/4/00)  CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT /CHANCERY DIVISION

R. RUDNICK & CO.,                                                         Plaintiff

2009 FEB 28 PM 4: 13

COUNTY OF COOK
COUNTY, ILLINOIS
v.  CHANCERY DIV.

PRECISION MIDWEST, LTD.                    DOROTHY BROWN    CLERK
and JOHN DOES 1-10                                           Defendant

Case No.  08CH07903

### CHANCERY DIVISION CIVIL COVER SHEET

A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division.  The information contained herein is for Administrative purposes only and shall not be introduced into evidence.  Please check the box in front of the appropriate category which best characterizes your action being filed.

005 _____  Administrative Review
006 _____  Change of Name
001 ✓        Class Action
002 _____  Declaratory Judgment
004 _____  Injunction
008 _____  Mechanic's Lien
003 _____  Mortgage Foreclosure

007 _____  General Chancery
_____  Accounting                           _____ Partition
_____  Arbitration Awards              _____ Quiet Title
_____  Certiorari                             _____ Quo Warranto
_____  Dissolution of Corporation  _____ Redemption Rights
_____  Dissolution of Partnership   _____ Reformation of a Contract
_____  Equitable Lien                      _____ Rescission of a Contract
_____  Interpleader                         _____ Specific Performance
_____  Mandamus                          _____ Trust Construction
_____  Ne Exeat                             _____ Other _____

By: _____
                    Attorney                                Pro Se

Atty. No.: 41106
Name: Edelman, Combs, Latturner & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street, 18th Floor
City/State/Zip: Chicago, IL 60603
Telephone: (312) 739-4200

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

R. RUDNICK & CO.,                    )
                                     )
    Plaintiff,                   )
                                     )
    v.                           )
                                     )
PRECISION MIDWEST, LTD.,             )
and JOHN DOES 1-10,                  )
                                     )
    Defendants.                  )

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00040760 Chancery-01 2/28/2008 3:13PM
ATTY: 41106   023 TAHDORE
AD DAMNUM:           $0.00
CASE NO: 2008CH07903   CALENDAR: 05
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $294.00
Base Filing Fee 6        $240.00
Document Storage         $15.00
Automation               $15.00
Law Library              $13.00
Arbitration              $10.00
Dispute Resolution        $1.00
RECEIPT 0001 OF 0002
TRANSACTION TOTAL:              $588.00

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.    Plaintiff R. Rudnick & Co. brings this action to secure redress for the

actions of defendant Precision Midwest, Ltd., in sending or causing the sending of unsolicited

advertisements to telephone facsimile machines in violation of the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2

("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

## PARTIES

3.    Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

4.    Defendant Precision Midwest, Ltd. is an Illinois corporation that has offices at 30W196 Calumet Avenue, Warrenville, IL 60555.

5.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.    Have transacted business in Illinois.

    c.    Are located in Illinois.

## FACTS

7.    On or about January 4, 2008, plaintiff R. Rudnick & Co. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.    Discovery may reveal the transmission of additional faxes as well.

9.    Defendant Precision Midwest, Ltd. is responsible for sending or causing the sending of the fax.

10.    Defendant Precision Midwest, Ltd., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

2

11.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

12.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

13.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

14.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

15.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

16.    Plaintiff incorporates ¶¶ 1-15.

17.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18.    The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

3

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

20.    Plaintiff and each class member is entitled to statutory damages.

21.    Defendants violated the TCPA even if their actions were only negligent.

22.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Precision Midwest, Ltd. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Precision Midwest, Ltd. or (ii) expressly consent to the receipt of advertising faxes from defendant Precision Midwest, Ltd., and in either case were also provided an "opt out" notice that complies with federal law.

4

24.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

26.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28.    Several courts have certified class actions under the TCPA.  Travel 100

5

Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004);

Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic

Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core

Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of

Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of

Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement

action).

29.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax

advertising;

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

30.    Plaintiff incorporates ¶¶ 1-15.

31.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

32.    Unsolicited fax advertising is contrary to the TCPA and also Illinois public

6

policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.    Defendants engaged in such conduct in the course of trade and commerce.

36.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

39.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

7

with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and

on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf

of defendant Precision Midwest, Ltd. promoting its goods or services for sale (d) and who did not

(according to defendant's records) either (i) have an established business relationship with

defendant Precision Midwest, Ltd. or (ii) expressly consent to the receipt of advertising faxes

from defendant Precision Midwest, Ltd., and in either case were also provided an "opt out"

notice that complies with federal law.

     40.    The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

     41.    There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant common

questions include:

     a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

     b.    Whether defendants thereby violated the TCPA;

     c.    Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

     d.    Whether defendants thereby converted the property of plaintiff.

     42.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

43.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.       Appropriate damages;

b.       An injunction against the further transmission of unsolicited fax advertising;

c.       Attorney's fees, litigation expenses and costs of suit;

d.       Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

45.     Plaintiff incorporates ¶¶ 1-15.

46.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them

9

unusable.  Such appropriation was wrongful and without authorization.

49.    Defendants knew or should have known that such  appropriation of the paper and ink or toner was wrongful and without authorization.

50.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Precision Midwest, Ltd. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Precision Midwest, Ltd. or (ii) expressly consent to the receipt of advertising faxes from defendant Precision Midwest, Ltd., and in either case were also provided an "opt out" notice that complies with federal law.

53.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

10

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby committed the tort of conversion;

d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

55.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

11

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.


_____

Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21025\Pleading\Complaint_Pleading.wpd

12

# EXHIBIT
# A



**FREE**

# PRECISION ✕ MIDWEST

# You are invited to a special Trimble Construction Demo Day!

**When:** Thursday January 10th

**Time:** 10am to 2pm

        **hors D'oeuvres served**

**Cost: FREE**

**Location:** Precision Midwest

            30W196 Calumet Ave.

            Warrenville, IL 60555

**Phone:**   630-836-1000 by 1/8/2007

Come and check out our state of the art facility!

*New Service Area

*New Training Facility

*New Showroom

**FREE**





# Demonstration of the following products!

- LM80
- LM80 Desktop Software
- Robotic Layout Instrument
- Latest Lasers & Receivers



Call Joan to RSVP today! 630-836-1000. Stop by and get some hands on training with  the latest construction layout & software  technology.

**FREE**



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **R. RUDNICK & CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **PRECISION MIDWEST, LTD., and JOHN** | ) | |
| **DOES 1-10,** | ) | |
| **Defendants.** | ) | |

**EXHIBIT 2 TO NOTICE OF REMOVAL**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| R. RUDNICK & CO., | ) |
| Plaintiff, | ) |
| v. | )    Case No. 08 CH 07903 |
| PRECISION MIDWEST, LTD., and JOHN | ) |
| DOES 1-10, | ) |
| Defendants. | ) |

## NOTICE OF FILING

**TO:**  Daniel A. Edelman, Esq.
Edelman, Combs, Latturner &
Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603

    **PLEASE TAKE NOTICE** that on April 3, 2008, I filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, the *Notice of Removal* of Defendant Precision Midwest, Ltd., a copy of which is attached hereto.

_____
One of Defendant's Attorneys

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that on April _____, 2008, he served a true and correct copy of the foregoing *Notice of Filing* and of the document referred to therein upon the attorney whose name and address is set forth above by depositing the same in the U.S. mailbox located at 200 West Adams, Chicago, Illinois, proper postage prepaid, before 5:00 p.m.

_____
One of Defendant's Attorneys

#51243
Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446

#54235
Constantine John Gekas, Esq.
GEKAS & ASSOCIATES, LTD.
11 S. LaSalle St., Suite 1700
Chicago, Illinois 60603
312.726.4501

**EXHIBIT**
"2"